IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>ANTONIO DE JESUS CASTRO,<br>Defendant. | CASE NO: **4:18CR3088**<br><br>**DETENTION ORDER** |

On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). (Filing No. 140). The court concludes the defendant must be detained pending trial.

As explained below, based on the evidence presented and the information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

At the detention hearing, the government presented persuasive evidence that this Defendant was, prior to his arrest, personally involved in planning how he and other co-defendants would hide and evade apprehension if they believed they were being watched by the government or subject to an arrest warrant. And Defendant has a means to implement those plans. Defendant's name is on a bank account that was used to fund the alleged conspiracy, and while that account may be frozen, Defendant has access to vehicles and he may have access to other accounts yet unknown. He also has strong ties to Mexico.

Contrary to defense counsel's argument, this case is not being prosecuted merely because "people made less wages." The victims were exposed to more

than monetary harm. Based on the credible evidence at the detention hearing, the employee victims of the alleged conspiracy were required to work 14-15 days straight for less than minimum wage. Days off were hard to come by and if granted, further wage discounts were unilaterally imposed. And if Defendant's father-in-law and the leader of the alleged conspiracy, Juan Pablo Sanchez, could not continue to manage the business due to arrest or fleeing to avoid arrest, Defendant assured his father-in-law, "I am not a quitter and I will take over the business for you." Simply stated, based on the evidence presented, Defendant was a loyal follower: He obeyed his father-in-law's requests, and in doing so, earned a prominent position in the alleged conspiracy.

In addition, Defendant

- has a criminal history of violating the law, including laws regarding sexually explicit images of minors;

- has a history of providing false information to law enforcement; and

- violated conditions of release previously imposed by a court, including:
  - failing to report to his probation officer,
  - failing to return from authorized travel outside of Holt County, and
  - failing to obtain an evaluation to address any need for sexual behavior risk treatment.

Prior to the detention hearing, pretrial services interviewed Defendant, but Defendant's statements were not verified. Defense counsel's cross-examination strongly suggested pretrial services had not done enough for his client; that pretrial services was further obligated to either question others arrested or compare the collection of interview statements from Defendant and his co-defendant family members and then use those statements to cross-verify each Defendant's statement. That argument is absurd.

First, pretrial services officers serve the court, not either party. Second, in an effort to provide credible information to the judge for use in detention and bail hearings, pretrial services officers are asked to verify the statements provided by a criminal defendant. This verifying information must be obtained from sources that the judge court could reasonably consider reliable. The statements of a defendant's alleged co-conspirators fall far short of this reliability standard.[1]

The court further finds no single condition, or any combination of conditions proposed or available (see 18 U.S.C. § 3142(c)), will sufficiently ameliorate the risks of flight and of danger to the public if the defendant is released. Accordingly,

Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated August 9, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] Moreover, using a detained co-conspirator's statements to corroborate another co-conspirator's statements to pretrial services raises a myriad of legal issues, including whether using a defendant's statements to pretrial services beyond the scope of that defendant's interests violates the confidentiality to be afforded such reports, the Defendant's Fifth Amendment right to remain silent, or his Sixth Amendment right to counsel.